### STATE ex TRETTIEN v MAHON et

Ohio Appeals, 6th Dist, Lucas Co

No 2853.   Decided Feb 26, 1934

Wesley S. Thurstin, Toledo, and William Kent Fenton, Toledo, for plaintiff in error.

Ralph W. Doty, Director of Law, Toledo, and A. E. Simmons, Toledo, for defendants in error.

## OPINION

By RICHARDS, J.

The only question for consideration of the court in this case is whether the relator does or does not come within the classified civil service of the city of Toledo.

By the provisions of §4001, GC, the board of directors of a university supported in whole or in part by municipal taxation is invested with all the authority, powers and control belonging to the corporation and with the power of the government and conduct of the university, and by the provisions of §4003, GC, the directors shall perform not only the duties conferred or required by law in the government of the university, but those involved in the execution of any trust which has been imposed with respect thereto. Under the provisions of §7902, GC, the board of directors of a municipal university has full authority to administer the same under the trusts relating thereto, including the appointment of a president, secretaries, professors, tutors, instructors, agents and servants necessary and proper for the university, and to fix their compensation.

In the case of **State ex Attorney General v City of Toledo, 3 C.C., N.S., 468,** a case

involving this university and the trust on which it was founded, which was decided in 1902, it was held by the Circuit Court in this county that the purpose and object of the donor must govern and that the legislature had no power to change the trust and that the whole power and management of the trust was reposed in the board of trustees. We must, therefore, presume that the university has been conducted under the terms of the trust established by the donors and pursuant to the statutes of the state and that when the board of directors or trustees employed Professor Trettien and the other professors and instructors for the period of a year at a time, they must have been acting in accordance with the provisions of the trust and the statutes of the state.

Under the provisions of §486-8, GC, it is provided that the civil service of the state and the several counties, cities and city school districts shall be divided into the unclassified service and the classified service. The statute provides that the unclassified service shall comprise, among others, the following positions, which shall be exempt from all examinations required in this act. Paragraph 7 of said section, specifying those positions the occupants of which are exempt from examination, reads as follows:

"All presidents, directors, superintendents, principals, deans, assistant deans, instructors, teachers and such employes as are engaged in educational or research duties connected with the public school system, colleges and universities;"

It thus appears that the relator, as professor of psychology of the University, and others engaged as professors therein, even if within the civil service, are not subject to examination thereunder within the provisions of the statutes of Ohio.

It is urged, however, by the relator that his position comes within the provisions of §171 of the Charter of the City of Toledo, and particularly within subdivision (b) of paragraph (2) of said section. Subdivision (b) reads as follows:

"The non-competitive class shall consist of all positions requiring peculiar and exceptional qualifications of a scientific, professional, educational or managerial character, as may be determined by the rules of the commission."

Thus, if the Charter of the City applies, persons embraced within the description contained in the above quotation are subject to examination by the civil service commission, and by the provisions of §172, par. (m), of the Charter, no person embraced therein can lawfully be discharged from employment until he has been presented with the reasons in writing for such discharge. The language quoted is scarcely specific enough to over-ride the precise and clear language of §486-8, GC, as the General Code of the state specifically exempts persons engaged in educational duties connected with colleges and universities. Furthermore, it must be remembered that the position which was held by Professor Trettien was never established nor created by the Council of the City of Toledo, but under the terms of the trust of the donors and the statutes of the state, and that his last employment, like the ones that preceded it, was only for a year and expired in June, 1932.

It is apparent that a college professor does not come within the classified civil service, and that the civil service commission had nothing to do with Dr. Trettien's qualifications or employment and no duties to perform with reference to his discharge or the failure to employ him. It would indeed be an anomaly if the law were otherwise.

From what has been said, it is apparent that the residence of Professor Trettien outside of the city is a matter of no consequence.

We are compelled, therefore, to hold that the relator is not entitled to relief in the courts and that the judgment must be affirmed.

Judgment affirmed.

WILLIAMS and LLOYD, JJ, concur.